ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 3 0 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| FEDERATED INDEPENDENT TEXAS UNIONS AIRCRAFT LOCAL NO. 900, | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. |
| LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS COMPANY, | § § § § § | 402-CV-0489-Y |
| Defendant | § § | |

## COMPLAINT

Plaintiff Federated Independent Texas Unions Aircraft Local No. 900 files this complaint to compel arbitration and for declaratory relief against Defendant Lockheed Martin Corporation d/b/a Lockheed Martin Aeronautics Company, as follows:

### Introduction

1.      This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel arbitration in accordance with the parties' collective bargaining agreement and an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

### Parties

2.      Federated Independent Texas Unions Aircraft Local No. 900 ("FITU" or "Union") is a labor organization as defined in 29 U.S.C. § 152(5). The Union represents employees for the purpose of bargaining with employers concerning wages, rates of pay, hours of work and other

conditions of employment.

3.  Lockheed Martin Aeronautics Company ("Lockheed" or "Company") is an assumed name of Lockheed Martin Corporation, a Maryland corporation.  Lockheed is an aircraft manufacturer based in Fort Worth, Texas.  The Company is licensed to do business in the State of Texas and is an employer in an industry affecting interstate commerce.

## Jurisdiction and Venue

4.  This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 185(c) and 28 U.S.C. § 1331.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) because Lockheed is doing business in the Northern District of Texas and because this action is based on acts that occurred in this district.

## Material Facts

6.  Lockheed recognizes FITU as the exclusive representative of all employees in a bargaining unit defined by the National Labor Relations Board on August 6, 1965 in Case No. 16-RC-3976.

7.  Lockheed and FITU are now, and have been at all relevant times, parties to a collective bargaining agreement.  A true and correct copy of the current collective bargaining agreement ("CBA") is attached and incorporated herein as Exhibit D.  There are no other parties to the CBA.

8.  The parties have established a grievance and arbitration procedure for the resolution of labor disputes in Section Twelve of the CBA. Ex. D at pp. 38-41.  This procedure encompasses disputes between FITU and Lockheed regarding "any alleged violation of the terms or provisions of

this [CBA] or differences of opinion as to its interpretation...." Ex. D at p. 39. The grievance procedure also encompasses disputes between these parties over any "application [of the CBA] when reduced to writing on a fully executed form approved by the parties." Ex. D at p. 39.

9.   The CBA's grievance and arbitration provisions establish a four-step process for resolving labor disputes. Final and binding arbitration before a neutral arbitrator is the final step of the process. The parties' arbitration procedures are set forth in Section Twelve, subsections 9-13, of the CBA. Ex. D at pp. 40-41.

10.   The CBA's arbitration provisions expressly refer to the arbitration of grievances between FITU and Lockheed. The CBA contains no provision for tripartite arbitration involving any organizations or persons who are not a party to the CBA.

11.   In 1993, FITU invoked the negotiated grievance procedure to resolve a dispute concerning the Company's assignment of bargaining unit work to employees not represented by FITU. On November 12, 1993, FITU presented Grievance No. 3722 to Lockheed asserting that the Company had reassigned work bargained for by FITU — and normally performed by FITU-represented employees — to employees represented by OPEIU Local 277, another labor organization. FITU and Lockheed refer to that work jurisdiction dispute as Case No. 93-88. A true and correct copy of Grievance No. 3722 in Case No. 93-88 is attached hereto and incorporated herein as Exhibit A.

12.   FITU invoked arbitration in Case No. 93-88 by submitting the Union's work jurisdiction grievance to step four in accordance with the extant collective bargaining agreement. On July 12, 1995, FITU and Lockheed resolved that work jurisdiction dispute by executing a written settlement agreement prior to an arbitration hearing. The pre-arbitration grievance settlement

agreement provides in pertinent part:

> The basic premise in the assignment of work is that if an electrical harness is on an airplane or in the process of being placed onto or removed from an airplane, FITU-represented employees will be given the duties; work associated with an electrical harness "off" an airplane will be the responsibility of OPEIU-represented employees.

A true and correct copy of the grievance settlement agreement is attached hereto and incorporated herein as Exhibit B.

13. Pursuant to the terms of the CBA's grievance and arbitration provisions, authorized representatives of both FITU and Lockheed approved the grievance settlement by signing a form that sets forth the terms and conditions quoted above in paragraph 12.

14. Subsequently, FITU and Lockheed resolved several similar work jurisdiction disputes in accordance with the terms of the July 1995 grievance settlement agreement.

15. Despite the July 1995 grievance settlement agreement, in February 2001 the Company breached the CBA by assigning work normally performed by FITU-represented employees to employees who are represented by OPEIU Local 277.

16. On February 12, 2001, FITU filed Grievance No. 5697 contesting Lockheed's assignment of certain electrical harness work to OPEIU-represented employees. The work in dispute involves electrical harnesses on aircraft that for many years has been performed exclusively FITU-represented employees classified as Manufacturing Planners. FITU and Lockheed refer to this dispute as Case No. 01-002. The Company denied the grievance at the first three steps of the grievance procedure and FITU invoked arbitration by submitting the grievance to step four. A true and correct copy of Grievance No. 5697 and Lockheed's Step III Response is attached hereto and incorporated herein as Exhibit C.

17. FITU has demanded that Lockheed submit Grievance No. 5697 to arbitration. At all relevant times the Company has refused, and continues to refuse, to arbitrate the dispute in accordance with the terms and conditions of the CBA.

### Count I — Enforcement of Arbitration Agreement

18. FITU realleges paragraphs 1 through 17 with the same force and effect as if those paragraphs were set forth verbatim.

19. Lockheed has violated the CBA by refusing to submit Grievance No. 5697 to arbitration as required by Section Twelve of the CBA. Accordingly, the Court should order the Company to arbitrate this labor dispute pursuant to 29 U.S.C. § 185.

20. FITU is entitled to an award of reasonable attorney fees and taxable costs pursuant to 29 U.S.C. § 185.

### Count II — Declaratory Relief

21. FITU realleges paragraphs 1 through 17 with the same force and effect as those such paragraphs were set forth verbatim.

22. The Union seeks further relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 in that the Union seeks a declaration of the parties' rights and obligations under the CBA.

23. Specifically, FITU is entitled to a declaration that Lockheed is obligated to abide by, and comply with, the parties' July 12, 1995 grievance settlement agreement.

24. FITU is further entitled to a declaration that Lockheed must comply in all respects with the CBA by submitting Grievance No. 5697 to an arbitrator for determination in accordance with the terms of Section Twelve.

25. Further, FITU is entitled to an award of reasonable attorney fees and court costs that the Union has incurred by being forced to seek judicial intervention to enforce the CBA.

26. The Union seeks a speedy hearing in this action pursuant to Rule 57, Federal Rules Civil Procedure.

## Prayer

WHEREFORE, FITU requests that the Court:

1. Order a speedy hearing pursuant to FED. R. CIV. P. 57;

2. Upon final trial enter judgment in favor of FITU and against Lockheed, ordering the Company to arbitrate Grievance No. 5697 as set forth in Count I;

3. Grant FITU declaratory relief as set forth in Count II;

4. Award FITU attorney fees and court costs;

5. Grant FITU such other and further relief as may be necessary and proper.

Dated May 30, 2002.

Respectfully submitted,

**Rod Tanner**
State Bar No. 19637500
**Wade A. Forsman**
State Bar No. 07264257
**Rod Tanner and Associates, P.C.**
6000 Western Place, Suite 100
Fort Worth, Texas 76107
817-377-8833
817-377-1136 (telefax)

Attorneys for Plaintiff